Next case is 08-7153, Demos v. Secretary of Veterans Affairs. Thank you, Your Honor. I'm Sandra Booth, and I'm appearing on behalf of Mr. James Demos, the appellant. Mr. Demos was granted a medical discharge from the Army in 1971 because of right knee instability and effusion, which was residual to a pre-service arthrotomy or surgical procedure on his right knee. He appeals the single-judge decision below on the issue of whether the Board of Veterans' Appeals met its rebuttal burden under the aggravation prong of Section 1111. CAVC's error occurs at page 10 of the appendix. At that point, the Court agreed with the Board that the Army Medical Board Opinion, that being the 1971 Medical Board Opinion, was clear and unmistakable evidence sufficient to rebut the aggravation prong of the presumption. That's all fact. You've got to listen to it. Well, no, I don't believe so, Your Honor. The error occurs because, number one, the Veterans Court reviewed that finding. It goes on to state that there is a plausible basis for the Board's finding relying on that Medical Board Opinion. Number one, under Kent, that's an issue of whether or not the legal sufficiency of that Medical Board Opinion is an issue of law that must be reviewed de novo by the CAVC, not the deferential standard which the CAVC accorded in this case. The second error, and if I might just again refer you to the Medical Board Opinion itself, which is at page 81, the second error is a misinterpretation of the legal standard required to rebut the presumption of aggravation. In Wagner, the Court, I'm sorry, the aggravation prong of the presumption of sound condition. In Wagner, this Court said that to rebut the presumption, the VA, of course, must rebut both prongs, the in-service incurrence as well as the aggravation prong, by clear and unmistakable evidence. And here are the criterion that Wagner said VA must show, the legal standard VA must show, to prove rebuttal, and that is that there was no increase. There is nothing in the Medical Board Opinion which addresses the very point that VA had to prove in order to have evidence legally sufficient to rebut. In short, there is nothing about increase, nor is there, of course, than any evidence in the Medical, or any opinion in the Medical Board Opinion, which would state or support that the veteran's in-service disability was the natural progress of his pre-service arthrotomy. Both of those, that burden is on VA to rebut, and the sufficiency of that evidence had to be reviewed, number one, de novo, and number two, in light of what is... Well, the question is what are the standards that VA must, or what particular fact must that evidence show? By the CAVC, by adopting the Board's analysis that the Medical Board proceeding was sufficient to rebut the presumption of the aggravation prong, the CAVC is essentially undoing the Wagner decision with respect to the requirement that VA must show that there was an increase. It's not a question of whether there is competing evidence about the increase in the Medical Board proceeding says one thing, another piece of evidence says something else. That, I think, would then get into the fact lane. The Medical Board decision simply does not address it, and that's the only medical opinion in this case that is pertinent to the issue of the presumption of sound condition. The VA has never developed this case, never obtained a medical opinion, although it certainly could have, but has never obtained a medical opinion on the issues pertinent to its burden of rebuttal. The... But doesn't Wagner really stand for the proposition that if an individual has a preexisting condition prior to his enlistment or otherwise, and it's not aggravated during this time in service, that there's no benefit which is available? Is that what Wagner says? I think it does, Your Honor, but the... So how does Wagner help you? Because VA must not only prove that the condition preexisted, but it must also prove the absence of aggravation. VA has the burden of disproving the fact that there was... That's like an application of law to fact, in which we have no jurisdiction. Whether... Had, in fact, the Veterans Court or the Board reached that issue and had the Court reviewed that de novo, it might be a jurisdictional problem here, but the Veterans Court did not address whether the VA met that specific standard. You know, not the issue is clear and unmistakable evidence, but is there evidence at all of that particular standard that the law requires? Is there evidence that he did not have an increase? There's evidence that he started out in service when he was examined, specifically examined for the knee, found to have no stability, no effusion, no crevitus, no loss of range of motion. In service, he develops effusion. Why? We don't know, but he doesn't need to show, because the VA benefits law does not require the claimant to prove causation in service, only that there was service incurrence. And even with that initial effusion diagnosis, he was initially in service diagnosed with no instability. The instability finding followed after. So there is evidence that indeed the fact that he was qualified for service medically and then later determined not qualified for service medically, that there was some additional disability. But he doesn't have to prove that. It's there. That had to be rebutted by the VA. That's the legal issue. VA never submitted any evidence that addresses its legal standard. The presumption of sound condition has no meaning if VA simply can reach a conclusion that it's been rebutted without having to demonstrate the evidence that supports that, that there's some evidence that meets its rebuttal standard. And judicial review for the Veterans Court is likewise of no meaning if the CABC conducts a deferential review and does not examine whether the VA's evidence meets, at least addresses the fact issues required by the statute. Didn't he provide the evidence they needed in rebuttal? I'm sorry. Didn't he himself provide the evidence that they needed in rebuttal by explaining that he had injured himself, been injured playing football, and he had been told to get another surgery after the first surgery, and so forth and so on? And not mentioning anything about any kind of an aggravating incident when he left the service after only three weeks of service? No, I don't think that gets VA where they need to be, Your Honor. The medical board, as the Court says at page 10, the medical board proceeding reviewed the Veterans Service records, including his in-service statements. Those in-service statements, as recorded by whoever took his history, refer to a second injury, a second knee injury, a baseball injury, and again a high school sports injury that preceded service. This was just a couple months after the first surgery, that he had instability after the second knee injury and that his doctor and the veteran's understanding of the doctor's medical judgment was that he needed a second knee surgery. What we know now, but the medical board did not, was that his treating doctor was talking about his left knee, that the treating doctor's statement submitted after the medical board proceeding, submitted to the VA, states, no, his second knee injury was a left knee injury, his inflexor, his instability was left knee instability, and the surgery, which the treating doctor recommended, was a left knee surgery. Aside from whether or not that evidence is clear and unmistakable, whether this vague history, which has subsequently proven to be contradicted by the doctor's own statement, is that history clear and unmistakable, that's not what the court relied on. That's not what the board relied on. The court relied, as it found that the board did, on the medical board proceeding, which did not have the access to the subsequent Dr. Woolen statement, which clarifies that these were unrelated left knee injuries. So, no, Your Honor, I would say that it did not provide the clear and unmistakable evidence of showing that his injury did not increase in service, particularly when at the time of entrance into service he was specifically examined and had no defect at that time, even though the examiner did, in fact, know of his history of a prior surgery. I'd like to reserve the rest of my time, Your Honor, if you have no questions. Good morning, Your Honors. May it please the Court. The Veterans Court applied the correct standard in determining whether the presumption of soundness had been rebutted. And that's amply explained at page 6 of the Veterans Court opinion. The Veterans Court correctly stated that it must review whether the presumption of soundness has been rebutted on a de novo basis, but that is against the framework of the facts found by the board, which, by statute, the Veterans Court gives reviews under a clearly erroneous standard. So, and that's precisely what happened here. The Veterans Court did review the board's decision that the presumption of soundness had been rebutted and properly granted the correct deference to the board's factual findings. As to the question of whether the VA's had rebutted the presumption of aggravation by clear and unmistakable evidence, again, from page 9 to 10 of the Veterans Court decision, Veterans Court amply identifies the factual basis for its decision. It is not the case that there was no evidence of aggravation or a complete absence of any evidence against which the VA could make its decision. The VA, I'm sorry, the Veterans Court and the board noted that, and this is at the bottom of page 9, within four days of reporting for active duty, he was seen for complaints, he had the same symptoms, he reported the same symptoms that he had prior to service, the same instability buckling on page 10. The Veterans Court notes that based upon the service records, the in-service records, Mr. Demos's lay statements, the medical board concluded that in his four days of active duty service, his pre-existing knee condition had not been aggravated. Any argument about whether that was factually insufficient to rebut the presumption of soundness is beyond this Court's review. Is there any legal question decided below, argued before us, that we should decide? No, Your Honor. We don't believe that there's any legal question presented. The questions that are raised really are disputing the facts that were raised. Is it a legal question whether the decision of the Army Medical Board can be relied on? If the question were whether that were, as a type of evidence, capable of rebutting the presumption, this Court could consider that question, and that question would be very easily answered by looking at Section 1111, which, as this Court said, I believe in Harris, that the VA is free to look at all kinds of evidence, both pre-service, during service, post-service, any kind of evidence. But you're saying that's not a question before us? That's not a question that's before us. Wagner does not really support the issue that the opponent is trying to put before us, does he? Wagner simply says that both the presumption of soundness and the presumption of aggravation must be rebutted by clear and unmistakable evidence, and that's what the Veterans Court found that happened here. So, no, I think that that's a... They followed Wagner, basically. Yes, Your Honor. And in this case, the VA remanded this case back to the Board specifically to consider this under the Wagner decision. If this Court has no further questions, we would respectfully request that the Court dismiss the appeal for lack of jurisdiction. All right. Ms. Booth? Thank you, Your Honor. The recitation of the clear and unmistakable evidence standard is not all there is to the inquiry. The rest of the legal test is what must be shown by clear and unmistakable evidence, and that is a lack of increase. There is no evidence of a lack of increase. VA must disprove that. The Medical Board opinion indeed is inadequate on the issue of lack of increase because, number one, it doesn't address it except to say that it concludes that there was no aggravation. However, that's not controlling in this case. The Stover case, which the Secretary cited to in his brief, held only that the VA may consider a Medical Board finding as any other evidence. We have no quarrel with that. What the Board or the VA cannot do is defer to the Medical Board on the issues of law that arise under VA disability benefits claims. In particular in that case, the Veterans Court noted that there is no similarity. There's not any similarity shown between the aggravation standard for purposes of the Medical Board proceeding versus the aggravation standard for VA disability benefits. Indeed, in that particular case, Stover said that prior to 1978, which would include this case, it's 1971, Medical Board proceedings looked at severance pay issues, and severance pay issues at that time, service incurrence, required the Veteran to show an actual in-service cause. That's not a requirement in order to be qualified for severance pay. Otherwise, there's no service incurrence. That's a totally different issue than what we have in the VA disability benefits claim. The bare conclusion, therefore, of aggravation in the 1971 Medical Board proceeding is the only evidence or the only finding that the Secretary can hang his hat on to rebut the presumption that there's an increase in service. And that, in fact, has been rejected as a matter of law under the Stover analysis. We would ask that, Your Honor, that the Court reverse the Board's or the Veterans Court's denial of the in-service incurrence issue on aggravation, remand for further development on the remaining issues in the service connection case. Thank you, Your Honor. Thank you. Case is submitted.